**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>LIXIN WANG,<br><br>            Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>            Respondent.</td><td>No. 13-72268<br><br>Agency No. A089-992-401<br><br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Lixin Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Wang's motion to reopen as untimely, where it was filed more than one year after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the final order of removal), and Wang has not established the due diligence necessary for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011) (the deadline for filing a motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence" in discovering such circumstances).

**PETITION FOR REVIEW DENIED.**

13-72268